UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JOSEPH PONZO and
CHRISTOPHER PONZO,

          Defendants.

Case No. 22-CR-10094-NMG

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Now comes the United States, through undersigned counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure and the Court's pre-trial order, submits the attached jury instructions. The government requests that the Court instruct the jury in accordance with the proposed instructions, in addition to its usual instructions in criminal cases. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendants and the evidence in the case.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

Date: October 22, 2024      By:   */s/ Lauren Maynard*_____
                           Dustin Chao
                           Lauren Maynard
                           Assistant U.S. Attorneys

**PROPOSED JURY INSTRUCTION NO. 1**

**<u>Duty of the Jury to Find Facts and Follow Law</u>**[1]

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

---

[1] *See* Chief District Judge Nancy Torresen's 2023 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter, "Pattern Crim. Jury Instr. 1st Cir."), § 3.01, *available at* https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf.

**PROPOSED JURY INSTRUCTION NO. 2**

**<u>Evidence, Objections, Rulings, & Bench Conferences</u>**[2]

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to

---

[2]  *See* Pattern Crim. Jury Instr. 1st Cir., § 1.05.

guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Further, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose.  I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**PROPOSED JURY INSTRUCTION NO. 3**

**Presumption of Innocence; Proof Beyond a Reasonable Doubt**[3]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, Joseph Ponzo and Christopher Ponzo, have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that each of the defendants is guilty of the crimes for which they are charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to find them not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied

---

[3]   *See* Pattern Crim. Jury Instr. 1st Cir., § 3.02.

beyond a reasonable doubt of a defendant's guilt of a particular crime, you should find them guilty

of that crime.

**PROPOSED JURY INSTRUCTION NO. 4**

**<u>Defendants' Constitutional Right Not to Testify</u>**[4]

(If Applicable)

The defendants have a constitutional right not to testify, and no inference of guilt, or of anything else, may be drawn from the fact that the defendants did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

[4]*See* Pattern Crim. Jury Instr. 1st Cir., § 3.03.

**PROPOSED JURY INSTRUCTION NO. 5**
**What Is Evidence; Inferences**[5]

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.

Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose. Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.

In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

---

[5] *See* Pattern Crim. Jury Instr. 1st Cir., § 3.04.

## PROPOSED JURY INSTRUCTION NO. 6
### Direct and Circumstantial Evidence[6]

There are two kinds of evidence: direct and circumstantial.

Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something.

Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

---

[6] *See* Pattern Crim. Jury Instr. 1st Cir., § 3.05.

**PROPOSED JURY INSTRUCTION NO. 7**

**Entirety of Evidence Should Be Considered**[7]

It is necessary that every essential element of the crime charged in the indictment be proven by evidence beyond a reasonable doubt in order for you to find a defendant guilty of that particular crime. However, it is not necessary that each supporting fact alleged in the indictment be proven beyond a reasonable doubt for you to find a defendant guilty. You should not consider the evidence in fragmentary parts, as though each fact or circumstance stood apart from the others. The entirety of the evidence should be considered, and its weight should be determined from the whole body of evidence.

---

[7] Adapted from *United States v. Bottone,* 365 F.2d 389, 392 (2d Cir. 1966), *cert. denied,* 385 U.S. 974 (1966).

**PROPOSED JURY INSTRUCTION NO. 8**

**<u>All Available Evidence Need Not Be Produced</u>**[8]

Although the government is required to prove the defendants guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendants are not required to present any evidence or produce any witnesses.

---

[8] Committee on Model Criminal Jury Instructions Within the Third Circuit, <u>Modern Criminal Jury Instructions</u> §3.05

**PROPOSED JURY INSTRUCTION NO. 9**

**<u>What Is Not Evidence</u>**[9]

Certain things are not evidence.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

5.      Notes, if you have kept them, are not evidence.  They are a personal memory aid to be used to refresh your recollection of the evidence during the deliberations.  Do not assume simply because something appears in someone's notes – even your own – that it is necessarily what happened or what was said in court.

6.      The indictment is not evidence.  I caution you that the fact that the defendants have had an indictment filed against them is no evidence whatsoever of their guilt.  The indictment is

---

[9]  *See* Pattern Crim. Jury Instr. 1st Cir., § 3.06.

simply an accusation, and the means by which the charges were brought before this court. It proves nothing.

7.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence, and you must not consider it.

## PROPOSED JURY INSTRUCTION NO. 10

### Each Count to Be Considered Separately[10]

The Indictment contains a total of 31 counts for your consideration.  Each count charges a separate crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for the defendant or defendants who are charged in each count.

---

[10]  Adapted from 1 Hon. Leonard B. Sand & John S. Siffert, et al, Modern Federal Jury Instructions, P 3.01, Instruction 3-6, p. 3. 12 (1995).

**PROPOSED JURY INSTRUCTION NO. 11**

**Charts and Summaries**[11]

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents. You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

---

[11] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 14.02 (6th ed. 2008).

**PROPOSED JURY INSTRUCTION NO. 12**

**<u>Credibility of Witnesses</u>**[12]

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

---

[12] Pattern Crim. Jury Inst. 1st Cir. § 3.06.

**PROPOSED JURY INSTRUCTION NO. 13**

**<u>Caution as to Cooperating Witnesses</u>**[13]

You have heard the testimony of Eric Darlington and Peter Marra.  They provided evidence under agreements with the government; participated in the crime charged against the defendants; and testified under a grant of immunity.

"Immunity" means that a witness's testimony may not be used against them in any subsequent criminal proceeding. However, if they testified untruthfully, they could be prosecuted for perjury or making a false statement, even though they were testifying under a grant of immunity.

Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of these individuals with particular caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.  You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendants, or by any of the benefits they have received from the government as a result of being immunized from prosecution.

---

[13]  *See* Pattern Crim. Jury Instr. 1st Cir., § 2.08.

**PROPOSED JURY INSTRUCTION NO. 14**

**<u>Consciousness of Guilt from False Exculpatory Statement</u>**[14]

You heard testimony that the defendants made certain statements outside the courtroom to others in which the defendants claimed that their conduct was consistent with innocence and not with guilt. The government claims that these statements in which they attempted to exonerate or exculpate themselves were false.

If you find that a defendant made a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed he was guilty. You may not, however, infer on the basis of this alone, that a defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements show that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

---

[14]  L. Sand et al., *Modern Federal Jury Instructions - Criminal,* Instr. 6-11, p. 6-34 (2010); *United States v. Dziurgot,* 664 F.2d 6 (1st Cir. 1981).

## PROPOSED JURY INSTRUCTION NO. 15
### "On or About" [15]

The Indictment charges that the offenses alleged were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

---

[15] Adapted from L. Sand et al., Modern Federal Jury Instructions: Criminal, Instr. 3-12 (2021); *United States v. Morris*, 700 F.2d 427, 429-30 (1st Cir. 1983); *United States v. Gorski*, No. 12-cr-10338-FDS (D. Mass.), ECF No. 346 at 82-83, aff'd, 880 F.3d 27 (1st Cir. 2018).

**PROPOSED JURY INSTRUCTION NO. 16**

**Punishment Irrelevant to Consideration of Guilt**[16]

The punishment provided by law for the offenses charged in the Indictment is a matter solely for the judge to decide. The jury should make its decision as to whether a defendant is guilty or not guilty on the basis of the evidence presented and must not consider the possible punishment in any way in coming to that determination.

---

[16] U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions (Criminal Cases) 21 (1979); E. Devitt and C. Blackmar, Federal Jury Practice and Instructions, §18.02 (3d ed. Supp. 1982).

## PROPOSED JURY INSTRUCTION NO. 17

### <u>Uncalled Witnesses</u>[17]

There are some persons whose names you have heard during the course of the trial but who did not appear here to testify, and as to whom there was no stipulation about what they would testify to if they appeared. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of those persons. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

---

[17] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7. *See United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**PROPOSED JURY INSTRUCTION NO. 18**

**<u>Evidence of Defendants' Similar Acts</u>**[18]

(If Applicable)

You have heard evidence that the defendants committed acts similar to those charged in this case. You may not use this evidence to infer that, because of their character, the defendants carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1)  Whether the defendants had the state of mind or intent necessary to commit the crimes charged in the Indictment; or

(2)  Whether the defendants had a motive or the opportunity to commit the acts charged in the Indictment; or

(3)  Whether the defendants acted according to a plan or in preparation for commission of a crime; or

(4)  Whether the defendants committed the acts they are on trial for by accident or mistake.

Remember, these are the only purposes for which you may consider evidence of the defendants' similar acts. Even if you find that the defendants may have committed similar acts, this is not to be considered as evidence of character to support an inference that the defendants committed the acts charged in this case.

---

[18]  *See* Pattern Crim. Jury Instr. 1st Cir., § 2.06.

**PROPOSED JURY INSTRUCTION NO. 19**

**Conspiracy To Commit Honest Services Wire Fraud – 18 U.S.C. § 1349**[19]

Count One charges the defendants with conspiring to commit a federal crime—specifically, the crime of Honest Services Wire Fraud.  It is against federal law to conspire with someone to commit this crime.

I am going to instruct you on the elements of Honest Services Wire Fraud in a few moments, but now I am going to instruct you about Conspiracy.

For you to find either of the defendants guilty of Conspiracy, you must be convinced that the Government has proven each of the following things beyond a reasonable doubt:

*First*, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit honest services wire fraud; and

*Second*, that the particular defendant you are considering willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the Government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that

---

[19] *See* Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.371 and cmt. 2, 4.18.1349 (no over act required); *United States v. Iwuala*, 789 F.3d 1, 9-10 (1st Cir. 2015); *United States v. Wyatt*, 561 F.3d 49, 54 (1st Cir. 2009) (listing elements for Section 1349 conspiracy and excluding overt act requirement).

the underlying crime be committed-that is to say, with bad purpose, either to disobey or disregard the law-not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before either of the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of their own words and/or actions.  You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or participated in each act of the agreement, or played a major role, but the government must prove beyond a reasonable doubt that they knew the essential features and general aims of the venture.  Even if a defendant was not part of the agreement at the very start, they can be found guilty of conspiracy if the government proves that they willfully joined the agreement later.  On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  The crime of conspiracy is complete upon the agreement to commit the underlying crime.

**PROPOSED JURY INSTRUCTION NO. 20**

**<u>Honest Services Wire Fraud – 18 U.S.C. §§ 1343, 1346</u>**[20]

Count One of the Indictment charges the defendants with conspiring to commit honest services wire fraud. Counts Two through Twenty-Five of the Indictment charge the defendants with substantive counts of honest services wire fraud. Honest services wire fraud is comprised of two statutes, the first of which is the wire fraud statute. The second relevant statute is Section 1346 of Title 18 of the United States Code, which provides that the term "scheme to defraud," as set forth in the wire fraud statute – in the context of honest services fraud – includes a "scheme to deprive another of the intangible right of honest services." Taken together, the wire fraud statute and this honest services fraud statute constitute the offense of honest services wire fraud.

The elements of these crimes are as follows:[21]

*First*, the defendant knowingly devised or participated in a scheme to defraud CLEAResult of its intangible right to the honest services of its employees, Eric Darlington and Peter Marra, through bribery or kickbacks;

*Second*, the defendant knowingly and willfully participated in this scheme with the intent to defraud;

*Third*, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter, or the omission of a material fact or matter, or the scheme involved a false statement, assertion, half-truth, or knowing concealment concerning a material fact or matter; and

---

[20]  Adapted from Pattern Crim. Jury Instr. 1st Cir., §§ 4.18.1343, 4.18.1346.

[21] *See Skilling v. United States*, 561 U.S. 358 (2010); *United States v. Martin*, 228 F.3d 1, 16 (1st Cir. 2000); *United States v. Gaw*, 817 F.3d 1, 6-7 (1st Cir. 2016).

*Fourth*, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused an interstate wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used.

### a. Element One – Scheme to Defraud

The first element of honest services wire fraud, as charged in this case, is that the defendant knowingly devised or participated in a scheme to defraud CLEAResult of the right to the honest services of its employees through bribery or kickbacks.  A "scheme" is any plan, pattern, or course of action formed with the intent to accomplish some purpose.  Thus, to find a defendant guilty of this offense, you must find that he devised or participated in a plan or course of action involving bribes or kickbacks given or offered to Eric Darlington or Peter Marra as alleged in the Indictment.

A fiduciary duty for the purposes of the honest services fraud statute encompasses any trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.  An employee owes a fiduciary duty to his or her employer.  This fiduciary duty is a duty to act only for the benefit of the employer, and not for the employee's own enrichment or benefit.[22]  When an employee devises or participates in a bribery or kickback scheme, that employee violates his employer's right to honest services.  This is because the employee outwardly purports to be working solely for the employer, but instead has received benefits from a third party.  The employer is defrauded because the employer is not receiving what it expects and is entitled to, namely, the employee's honest

---

[22] *See, e.g.*, *United States v. Rybicki*, 354 F.3d 124, 141-42 & n.17 (2d Cir. 2003) (*en banc*) (in private sector, statute applies to an "officer or employee of a private entity (or a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers)").

services.   A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a bribery or kickback scheme intended to deprive an employer of its right to a fiduciary's honest services.[23]

The breach of the fiduciary duty must be by participation in a bribery or kickback scheme – which involves the actual, intended, or solicited exchange of a thing of value for something else, in other words, a *quid pro quo* (a Latin phrase meaning "this for that" or "these for those").[24]

The employee or fiduciary and the individuals providing the thing(s) of value need not state the *quid pro quo* in express terms, for otherwise the law's effect would be frustrated by knowing winks and nods.[25]  Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inference that may be drawn from them.

Bribery and kickbacks require the intent to effect an exchange of something of value for, as applicable here, action, but each payment need not be correlated with specific action.[26]  The

---

[23] *United States v. Urcuioli*, 613 F.3d 11, 17-18 (1st Cir. 2010) (rejecting argument that mail fraud statute in honest services cases only covers public official who owes the duty).

[24] *See United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999) (interpreting § 201(b): "In other words, for bribery there must be a quid pro quo-a specific intent to give or receive something of value *in exchange* for an official act." (emphasis in original)); *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("The Supreme Court has explained, in interpreting the federal bribery and gratuity statute, 18 U.S.C. § 201, that bribery requires a quid pro quo. . ."); *United States v. Whitfield*, 590 F.3d 325, 353 (5th Cir. 2009) (requiring a specific intent to give or receive a thing of value "in exchange for an official act to be performed sometime in the future" (citations, quotations omitted)); *United States v. Ganim*, 510 F.3d 134, 148-49 (2d Cir. 2007) (Sotomayor, J.) ("an intent to effect an exchange").

[25] *United States v. Urciuoli*, 613 F.3d 11, 15, n. 3 (1st Cir. 2010) (citing *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943-47 (9th Cir. 2009) (*quid pro quo* bribe need not be evidenced by any express agreement or statements of intent)); *United States v. Kemp*, 500 F.3d 257, 282-85 (3d Cir. 2007) (same)).

[26] *Skilling*, 561 U.S. at 413 (citing *Kemp*, 500 F.3d at 281-86 (bribery theory of honest services fraud satisfied by "stream of benefits" in exchange for some official action, without need to show

requirement that there be payment of a thing of value in return for action is satisfied so long as the evidence shows a "course of conduct" of things of value flowing to an employee or fiduciary in exchange for the employee's/fiduciary's repeated action.  In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that."  Thus, all that must be shown is that things of value were provided to the employee or fiduciary, or for his or her benefit, with the intent of securing the employee's/fiduciary's action in return.[27]

It is not sufficient, however, that the thing of value is given as a gesture, to curry favor, to cultivate a friendship, or to express gratitude.  A goodwill gesture given simply with the generalized hope or expectation of ultimate benefit on the part of the donor does not constitute a bribe or kickback.  A payment made to reward the employee for an act he has already taken or has already determined to take is not a bribe.  Instead, the thing of value must be offered by the giver and accepted by the employee in exchange for an agreement to act in his or her or the defendant's interests instead of acting primarily in his employer's interest.  A person may act with a mixture of motives, but the government must prove that the provision of the thing of value is intended at least in part to corruptly induce the employee to take actions for his own interest, rather than for the employer.

---

specific benefit for specific action: "payments may be made with the intent to retain the official's services on an 'as needed' basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf."); *Whitfield*, 590 F.3d at 352-53 (specified act need not be identified at time of payment: "The law only requires that the Government prove the 'specific intent to give or receive something of value in exchange for an official act' to be performed sometime in the future." (emphasis in original)); *Ganim*, 510 F. 3d at 147-49 (no need to link each specific bribe with a single official act: "If the public official knows that he or she is expected as a result of the payment to exercise particular kinds of influence or decision making to the benefit of the payor, and, at the time the payment is accepted, intended to do so as specific opportunities arose, that is bribery.").

[27] *United States v. Urcuioli*, 613 F.3d 11, 14-15 & n. 3 (1st Cir. 2010).

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something. This includes a sum of money.

**b. Element Two – Defendant's Knowing and Willful Participation in the Scheme**

The second element of honest services wire fraud is that the defendant participated in the scheme to defraud knowingly and willfully with the intent to defraud.

A defendant acted "knowingly" if they were conscious and aware of their actions, realized what they were doing or what was happening around them, and did not act because of ignorance, mistake, or accident.

As to acting "willfully," an act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Note that, with regard to finding a specific intent to defraud, you may find such an intent, though you are not required to do so, if you find that the defendant acted with reckless disregard or reckless indifference to the truth or falsity of his statements or omissions. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of a defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly

29

done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

### c.   Element Three – Materiality

The third element of honest services wire fraud is a false representation or fraudulent failure to disclose that relates to a material fact. A "material fact or matter" is one that has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed. Information is "material" for an employer if the employee had reason to believe the information would lead a reasonable employer to change its business conduct. Put differently, if you find that a fact was intentionally withheld or omitted, you must determine whether the fact was one that a reasonable person might have considered important in making his or her decisions. The government, however, need not prove that anyone actually relied on a statement. If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright.[28]

### d.   Element Four – Interstate Wire

The fourth element of honest services wire fraud is that the defendant caused an interstate wire communication to be used, or that it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used, on or about the date alleged.

An "interstate wire communication" includes a telephone communication from one state to another, an email transmission or other internet communication, or a financial or wire transaction from one state to another.

---

[28] *See United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980).

The interstate wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out. There is no requirement that the defendant in question was himself responsible for the wire communication, that the wire communication itself was fraudulent, or that the use of the wire communication in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that the defendant knew, or could reasonably have foreseen, that use of the wire communication would follow in the course of the scheme, in furtherance of the scheme, or for the purpose of executing the scheme.

**PROPOSED JURY INSTRUCTION NO. 21**

**Aiding and Abetting - 18 U.S.C. § 2** [29]

Counts Two through Twenty-Five of the Indictment charge both defendants with honest services wire fraud.  There are three ways that the government can prove the defendants guilty of the offenses charged in Counts Two through Twenty-Five.  The first is by convincing you that the defendant in question personally committed or participated in the particular offense charged.  The second, which I will elaborate on now, is by proving that the defendant aided and abetted the commission of the offense.  The third, which I will discuss shortly, is by proving that the defendant willfully caused, or procured, another person to commit the offense.

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime, and (2) the defendant in question willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant in question consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.  The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting.  But a general

---

[29] Adapted from Pattern Crim. Jury Instr. 1st Cir., § 4.18.02(a).  *See United States v. Dodd*, 43 F.3d 759, 762 (1st Cir. 1995) (holding that "[a] defendant may be convicted under [Section 2(b)] even though the individual who did in fact commit the substantive act lacked the necessary criminal intent."); *see also United States v. Andrade*, 135 F.3d 104, 110 (1st Cir. 1998) (stating that "[a]t common law, one is liable as a principal if one deliberately causes or procur[es] another to perform a criminal act, and the principle has been carried forward by 18 U.S.C. §2(b).  Unlike aiding and abetting liability, there is no requirement that the intermediary be shown to be criminally liable." (internal citations omitted)).

suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

The third way the government can prove a defendant guilty of Counts Two through Twenty-Five of the Indictment is if it proves beyond a reasonable doubt that the defendant in question willfully caused an act to be done by another person which if directly performed by the defendant or another person would be the charged offense. The government can prove the defendant is guilty of a charged offense even though the individual who did in fact commit the substantive act or acts that made up the crime lacked the necessary criminal intent.

An act is done willfully if done voluntarily and intentionally with the intent that something the law forbids be done – that is to say with a bad purpose, either to disobey or disregard the law.

**PROPOSED JURY INSTRUCTION NO. 22**

**<u>Pinkerton Charge</u>**[30]

There is another method by which you may evaluate whether to find a defendant guilty of the substantive charges in the indictment.

If, in light of my instructions, you find beyond a reasonable doubt that a defendant was guilty on the conspiracy count (Count One), then you may also, but you are not required to, find him guilty of the substantive crimes charged in Counts Two through Twenty-Five, provided you find beyond a reasonable doubt each of the following elements:

*First*, that someone committed the substantive crime under consideration;

*Second*, that the person you find actually committed the charged substantive crime was a member of the conspiracy of which you found the defendant was a member;

*Third*, that this co-conspirator committed the charged substantive crime in furtherance of the conspiracy;

*Fourth*, that the defendant was a member of this conspiracy at the time the charged substantive crime was committed and had not withdrawn from it; and

*Fifth*, that the defendant could reasonably have foreseen as a necessary or natural consequence of the unlawful agreement that one or more of his co-conspirators would commit the charged substantive crime.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant under consideration guilty of the substantive crime charged, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of them.

---

[30]  Pattern Crim. Jury Instr. 1st Cir., § 4.18.371(2).

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the defendant guilty of the particular substantive crime unless the government proves beyond a reasonable doubt that the defendant personally committed that substantive crime, or aided and abetted its commission.

**PROPOSED JURY INSTRUCTION NO. 23**

**Aiding and Assisting in Filing False Tax Returns – 26 U.S.C. § 7206(2)**[31]

One of the defendants, Joseph Ponzo, is charged in Counts Twenty-Six through Twenty-Nine of the Indictment with aiding and assisting in, procuring, counseling, or advising the preparation of false income tax returns in violation of Section 7206(2) of Title 26 of the United States Code.  In order to for the defendant to be found guilty, for each count the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant aided or assisted in, or procured, counseled, or advised in the preparation of an income tax return for the year in question that was false or fraudulent;

*Second*, the income tax return was false as to any material matter; and

*Third*, the defendant acted willfully.

A "material" matter is one that is likely to affect the calculation of tax due and payable, or to affect or influence the IRS in carrying out the functions committed to it by law, such as monitoring and verifying tax liability.  In other words, "false information" is material if it had a natural tendency to influence, or was capable of influencing, the ability of the IRS to verify the accuracy of the tax return in question.

"Willfully" means a voluntary, intentional violation of a known legal duty.

The government does not have to prove that there was a tax due and owing for the year(s) in issue or that the government was deprived of any tax revenues by reason of any filing of any false return.  Whether the government has or has not suffered a pecuniary or monetary loss as a result of the alleged return is not an element of Section 7206(1).  *Silverstein v. United States*, 377

---

[31] Adapted from Pattern Crim. Jury Instr. 1st Cir., § 4.26.7206, and *Ninth Circuit Manual of Model Criminal Jury Instructions* § 22.4 (rev. August 2023).

F.2d 269, 270 (1st Cir. 1967).  The government also need not prove that the government relied on the false statement in the return.  *See United States v. Griffin*, 524 F.3d 71, 76, 81 (1st Cir. 2008).

Omission of Material Matter.  An income tax return may be materially false not only because of a misstatement of a material matter, but also because of an omission of a material matter.  *United States v. Griffin*, 524 F.3d 71, 76 (1st Cir. 2008).

Proof of One Materially False Matter Sufficient.  You are instructed that it is sufficient if you find that the government has established beyond a reasonable doubt that any one item was both material and falsely reported on the defendant's return.  In other words, the government does not have to prove that more than one item was false and material: proof of the falsity and materiality of a single item is sufficient.  *Griffin v. United States*, 502 U.S. 46, 49 (1991); *Silverstein v. United States*, 377 F.2d 269, 270 n.3 (1st Cir. 1967).

**PROPOSED JURY INSTRUCTION NO. 24**

**<u>False Statements – 18 U.S.C. §1001(a)(2)</u>**[32]

Defendant Joseph Ponzo is charged in Count Thirty and Defendant Christopher Ponzo is charged in Count Thirty-One of the Indictment with making a false statement in a matter within the jurisdiction of a government agency.  It is against federal law to make a false statement in a matter within the jurisdiction of a government agency. For you to find a defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

*First*, that the defendant knowingly and willfully made a material false statement;

*Second*, that the defendant made the statement voluntarily and intentionally; and

*Third*, that the defendant made the statement in a matter within the jurisdiction of a government agency, that is, during a voluntary interview with law enforcement agents.

A false statement is made "knowingly and willfully" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed, regardless of whether the agency actually relied upon it.

A statement is "false" if it was untrue when made.

The government is not required to prove that the defendant had a purpose to mislead a federal agency, *United States v. Yermian*, 468 U.S. 63, 68-75 (1984), or that the statement was

---

[32] *See*  Pattern Crim. Jury Instr. 1st Cir., § 4.18.1001.

made for a fraudulent purpose. *United States v. McGauley*, 279 F.3d 62, 69 (1st Cir. 2002).[33]

---

[33] The definition of "knowingly and willfully" is based upon *United States v. Gonsalves*, 435 F.3d 64 at 72 (1st Cir. 2006). There is no intent to deceive required. *Id.* (citing *United States v. Yermian*, 468 U.S. 63, 73 (1984)).

**PROPOSED JURY INSTRUCTION NO. 25**

**<u>Mistake of Law Not a Defense</u>**[34]

The United States is required to prove each of the elements of the offenses, as I have instructed you.  However, the United States is not required, in any of those elements, to prove that the defendants were actually familiar with the statutes and laws of the United States.  Nor is it a defense to the charges in this case to point to any misunderstanding or mistake about the law.

To put it another way, if someone deliberately gets close to an area of illegal conduct he takes the risk that he may cross the line.

---

[34] *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 340 (1952) ("Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."); *United States v. Baker*, 807 F.2d 427, 428-30 (5th Cir. 1986) (affirming conviction for trafficking based upon intent to traffic rather than specific knowledge of criminality).  *See also Horning v. District of Columbia*, 254 U.S. 135, 137 (1920) (when a person "intend[s] not to break the law but only to get as near to the line as he could . . . if the conduct described crossed the line, the fact that he desired to keep within it will not help him.  It means only that he misconceived the law.").

## PROPOSED JURY INSTRUCTION NO. 26

### <u>Return of Verdict Form</u>[35]

I want to read you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

[*Read form*.]

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

---

[35]  Adapted from Pattern Crim. Jury Instr. 1st Cir., § 6.04.

**PROPOSED JURY INSTRUCTION NO. 27**

**Communication with the Court**[36]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer outside your door. The note must be signed by your foreperson or by one or more members of the jury. None of you should ever attempt to communicate with me on anything concerning the case except by a signed writing. I will communicate with any member of the jury on matters concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, and I will do so as promptly as possible. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands until you have reached a unanimous verdict.

---

[36] Adapted from Pattern Crim. Jury Instr. 1st Cir., § 6.05.