UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

2. CHRISTOPHER PONZO,

Defendant.

Criminal No. 22-cr-10094-NMG

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)óand Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On January 26, 2023, a federal grand jury sitting in the District of Massachusetts returnedóa thirty-one-count Superseding Indictment, charging defendant Christopher Ponzo (the "Defendant"), and another, with Conspiracy to Commit Honest Service Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One), Honest Services Wire Fraud, Aiding and Abetting in violation of 18 U.S.C. §§ 1343, 1346, 1349 and 2 (Counts Two through Twenty-Five), and False Statements in violation of 18 U.S.C. 1001(a)(2) (County Thirty-One).[1] *See* Docket No. 47.

2. The Superseding Indictmentóalso included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States

ó

[1] The Defendant was not charged with Counts Twenty-Six through Thirty of the Superseding Indictment.

intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two through Twenty Five of the Superseding Indictment, of any property, real or personal, that consititues, or is derived from, proceeds traceable to the commission of the offense.

3. The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incoporated by 28 U.S.C. § 2461(c).

4. On November 6, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Two through Twenty-Five, and Thirty-One of the Superseding Indictment. The Court accepted the Defendant's guilty plea.

5. During the hearing, the United States gave a recitation of the facts, to which the Defendant did not object, and advised the Defendant of the forfeiture as set forth in the Superseding Indictment.

6. As stated by the government in its factual recitation during the Rule 11 hearing, and as reflected in the Defendant's Pre-Sentence Investigation Report ("PSR"), the Defendant's company obtained approximately $36 million in connection with the offenses of conviction. *See* PSR ¶¶ 10, 41. As set forth in the government's sentencing memorandum at pp. 26-27 &

ό



ό

n.8, the government determined that the Defendant's company's net income from the scheme was approximately $13.2 million from 2014 to 2020. This is the amount that the government seeks as a forfeiture money judgment.[2]

7. Based on the Defendant's guilty plea on November 6, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in an amount up to the proceeds related to his violations of 18 U.S.C. §§ 1343, 1346, and 1349, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). This amount represents the proceeds of the Defendant's crimes.

8. On February 5, 2025, the Defendant was sentenced to 27 months incarceration, two years supervised release, a fine in the amount of $300,000, and a special assessment in the amount of $2,600. At the hearing, the Court deferred the issue of forfeiture.

9. The government hereby seeks a forfeiture money judgment against the Defendant in the amount of $13,200,000.00. This amount represents the proceeds of the Defendant's offenses.

10. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in*

[2] The Court's forfeiture determination may be based on evidence already in the record and any additional evidence or information submitted by the parties. Rule 32.2(b)(1)(B). In the forfeiture phase, "evidence or information" need only be "relevant and reliable." *See id.; see United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply; the evidence need only be "reliable").

*personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n.15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

11. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See Zorrilla-Echevarria*, 671 F.3d at 11 n.15 ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

12. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461; *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees

ó



ó

for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a) enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b) retain jurisdiction in this case for purposes of enforcing the forfeiture; and

(c) incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ *Carol E. Head*
DUSTIN CHAO
LAUREN MAYNARD
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: February 7, 2025

ó



ó