Can you UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-cr-10094-NMG |
| | ) | |
| 1. JOSEPH PONZO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**GORTON, D.J.**

WHEREAS, on January 26, 2023, a federal grand jury sitting in the District of Massachusetts returned a thirty-one-count Superseding Indictment, charging defendant Joseph Ponzo (the "Defendant"), and another, with Conspiracy to Commit Honest Service Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One), Honest Services Wire Fraud, Aiding and Abetting in violation of 18 U.S.C. §§ 1343, 1346, 1349 and 2 (Counts Two through Twenty-Five), Aiding and Assisting in Filing False Tax Returns in violation of 26 U.S.C. § 7106(2) (Counts Twenty-Six through Twenty-Nine), and False Statements in violation of 18 U.S.C. 1001(a)(2) (Count Thirty);

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two through Twenty Five of the Superseding Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incoporated by 28 U.S.C. § 2461(c);

WHEREAS, on November 6, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Thirty of the Superseding Indictment;

WHEREAS, the Court accepted the Defendant's guilty plea;

WHEREAS, during the hearing, the United States gave a recitation of the facts, to which the Defendant did not object, and advised the Defendant of the forfeiture as set forth in the Superseding Indictment;

WHEREAS, as stated by the government in its factual recitation during the Rule 11 hearing, and as reflected in the Defendant's Pre-Sentence Investigation Report ("PSR"), the Defendant's company obtained approximately $7.4 million in connection with the offenses of conviction;

WHEREAS, the government determined that the Defendant's company's net income from the scheme was approximately $3.6 million from 2015 to 2019;

WHEREAS, this is the amount that the government seeks as a forfeiture money judgment;

WHEREAS, based on the Defendant's guilty plea on November 6, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in an amount up to the proceeds related to his violations of 18 U.S.C. §§ 1343, 1346, and 1349, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, this amount represents the proceeds of the Defendant's crimes;

WHEREAS, the government hereby seeks a forfeiture money judgment against the Defendant in the amount of $3,600,000.00; and

WHEREAS, this amount represents the proceeds of the Defendant's offenses.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $3,600,000.00 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.     Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.


**NATHANIEL M. GORTON**
United States District Judge

Dated: _____

4